**4**
DAVID P. CUSICK, #160467 TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
KRISTEN A. KOO, #230856, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: ) | Case No: 24-22891-E-13C |
| ) | DCN: DPC-1 |
| ) | |
| LAURA ELIZABETH ENGLAND, ) | TRUSTEE'S OBJECTION TO |
| ) | CONFIRMATION |
| ) | |
| ) | DATE: SEPTEMBER 10, 2024 |
| ) | TIME: 2:00 P.M. |
| ) | JUDGE: SARGIS |
| Debtor(s) ) | COURTROOM: 33, 6TH FLOOR |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtors Plan and does not recommend its confirmation.

The Trustee objects to confirmation as follows:

1. **IDENTIFICATION AND SOCIAL SECURITY NUMBER VERIFICATION NOT PROVIDED**. The Debtor failed to submit proof of her social security number, and a copy of a government issued picture identification to the Trustee before the First Meeting of Creditors held

on August 8, 2024, as required pursuant to FRBP 4002(b)(1)(A) and (B).  The meeting was continued to September 12, 2024, at 2:00 p.m., to give the Debtor sufficient time to provide the verification document to the Trustee's office.

**2. 521 DOCUMENTS NOT PROVIDED**.

a. PAY ADVICES.  The Debtor failed to provide the Trustee with 60 days of employer payment advices received prior to the filing of the petition pursuant to 11 U.S.C. §521(a)(1)(B)(iv), and the Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices, (DN 6.)  Debtor provided the Trustee with a benefit verification letter from the social security administration addressed to Donald Lee England, Jr. and a copy of correspondence from Nomad Health extending an offer of employment to Debtor.  This does not satisfy the requirement of 60 days of employer advices received prior to the filing of the petition.

b. TAX RETURN.  The Debtor has failed to provide the Trustee with a tax transcript or a copy of her Federal Income Tax Return with attachments for the most recent pre-petition tax year for which a return was required, or a written statement that no such documentation exists.  11 U.S.C. § 521(e)(2)(A); FRBP 4002(b)(3).  This is required seven days before the date first set for the meeting of creditors, 11 U.S.C. §521(e)(2)(A)(1).

**3. FEASIBILITY**.  The plan may not be feasible, and the debtor does not appear to be able to comply with the Plan, to have the ability to make the Plan payments and/or has failed to carry her burden of showing that the Plan complies with 11 U.S.C. §1325(a)(1) and (a)(6).

INACCURATE AND/OR MISSING INFORMATION: The Debtor's Schedules and other documents filed in the case include missing and/or inaccurate information. At the Meeting of Creditors held on August 8, 2024, the Trustee requested that the following documents be

amended to correct the missing and/or inaccurate information. To date, none of the documents have been amended.

i.      ATTORNEY FEE MONTHLY PAYMENT TOO HIGH:  The Plan fails to comply with 11 U.S.C. §1325(a)(1) and Local Bankruptcy Rule (LBR) 2016-1(c).  The Plan proposes to pay $120.00 each month toward the Debtor's attorney fee balance of $6,500.00 (DN 18, Pg. 2, §3.06.)   Under the "no look" fee of LBR 2016-1(c), the rule requires payment of the fee in "equal monthly installments over the term" of the plan. The proposed Plan does not actually specify a term, however, if the duration of the Plan were to provide for a 60-month term, the proposed monthly payment is too high.  The Trustee calculations show that the payment should be $108.33 per month over a 60-month period ($6,500/60).

ii.     NO DISCLOSURE OF COMPENSATION OF ATTORNEY FILED:  According to LBR 2016-4, the attorney for the debtor in a chapter 13 case must file the *Disclosure of Compensation of Attorney for Debtor*, Form B2030, with the petition, Fed. R. Bankr. P. 2016(b). Debtor's attorney has failed to file form B2030 and on July 1, 2024, the Clerk of the Court issued a notice of deficiency (DN 7).  To date, Debtor's attorney has failed to file the Disclosure of Compensation of Attorney for Debtor.

iii.    VOLUNTARY PETITION.  The Debtors' Petition is missing information regarding the Debtors' previous bankruptcies filed within the previous eight-year period. Question #9 asks "Have you filed for bankruptcy within the last 8 years." Debtor provided information for case number 20-23688 only (DN 1, Pg. 3). According to PACER, Debtor filed four additional bankruptcy cases in which she failed to provide information. Those cases are case #17-25115, case #18-23980, case #19-20880 and case #20-23688.

iv. <u>FAILURE TO PROVIDE NON-FILING SPOUSE INFORMATION</u>. Debtor has failed to provide information regarding her Non-Filing Spouse (NFS). The information provided on Debtor's Statement of Financial Affairs states that Debtor is married (DN 20, Pg. 24 #1). Schedule H does not disclose any information regarding the Debtor's NFS and Schedule I does not include the NFS's income. (DN 20, Pgs. 18-20).

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor's Plan.

Dated: August 14, 2024                    <u>/s/ Kristen Koo</u>
                                          Kristen Koo, Attorney for Trustee